
09/11/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PATORICK XIDUS JOHNSON, JR. and | § | Case No. 08-40492 |
| KAREN ANN JOHNSON, | § | (Chapter 13) |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| PATORICK XIDUS JOHNSON, JR. and | § | |
| KAREN ANN JOHNSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. Proc. No. 08-4119 |
| | § | |
| NATIONAL CITY MORTGAGE CO., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter involves the extent and validity of the Defendant's alleged lien on the Plaintiffs' homestead. On August 27, 2009, the Court conducted a trial on the Plaintiffs' objection to the Defendant's proof of claim as well as the Plaintiffs' adversary complaint against the Defendant and the Defendant's counterclaim for equitable subrogation. The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. Having considered the evidence and arguments presented by the parties at trial, as well as the parties' joint pretrial order, as modified at trial, the Court makes the following findings of fact and conclusions of law.[1]

---

[1] To the extent any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. Likewise, to the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

## FINDINGS OF FACT

1.      The Defendant, National City Mortgage ("NCM"), provided the Plaintiffs, Patorick Xidus Johnson, Jr. and Karen Ann Johnson (collectively, the "Johnsons"), with financing for the purchase of their home on or about January 29, 1998.  The Johnsons' home is located in Grayson County, Texas.  Since at least 2000, the Johnsons have designated their property for agricultural use, specifically, pasture lands, in the property tax records for Grayson County.

2.      In 2001, the Johnsons obtained a home equity loan from Compass Bank.  The next year, in December 2002, the Johnsons refinanced their original purchase money loan from NCM and the subsequent home equity loan from Compass Bank.  NCM was the lender on the refinancing loan.  On December 2, 2002, NCM advanced the original principal amount of $171,000.00 to the Johnsons.  At the direction of the Johnsons, NCM used these funds to pay off the original purchase money loan (in the amount of $130,517.09), the subsequent home equity loan (in the amount of $24,866.97), and the Grayson County tax collector (in the amount of $3,660.00).  NCM disbursed the remainder, in the amount of $7,792.26, to the Johnsons' account at the American Bank of Texas.

3.      In May 2007, the Johnsons initiated a suit against NCM in Texas state court, seeking to avoid NCM's lien on their homestead based on alleged violations of art. XVI, §50(a)(6), of the Texas Constitution.  NCM initiated a separate suit against the Johnsons in Texas state court, seeking a judgment that it is equitably subrogated to the loans it paid off in December 2002.  While these suits were pending, and before the Johnsons filed a bankruptcy petition, the Texas Supreme Court issued its opinion in

*LaSalle Bank National Association v. White*, 246 S.W.3d 616 (Tex. 2007). The Texas Supreme Court held that, to the extent the proceeds of a home equity loan are used to pay off constitutionally permissible pre-existing liens, the home equity mortgagee is equitably subrogated to the prior lienholders' interests.

4. The Johnsons filed for bankruptcy in this Court on February 29, 2008. NCM filed proof of its claim on March 12, 2008. On August 8, 2008, the Johnsons objected to the allowance of NCM's claim and, on the same day, initiated an adversary proceeding against NCM.

5. The nature of the Johnsons' adversary complaint involves the validity, priority and extent of NCM's alleged lien on their home. The Johnsons assert the following claim in paragraph four of their adversary complaint: "The lien claimed by National City Mortgage Company on the residence of the Debtors is invalid or it does not secure the entire indebtedness claimed as all or part of the funds cannot be secured against the Debtor[s'] residence under the applicable statutes and Constitution of the State of Texas." The Johnsons seek to have NCM's lien declared void or, alternatively, a determination as to the amount secured by such lien.

6. NCM responded to the adversary complaint on September 18, 2008. In its response, as amended, NCM asserted an affirmative defense of limitations and a counterclaim for equitable subrogation. The Johnsons responded to NCM nearly a year later on August 19, 2009. The Johnsons denied NCM's affirmative defense of limitations as follows: "Plaintiffs have asserted their claims against Defendant in the time provided by Tex. Civ. Prac. & Rem. Code [§]16.069, et seq., therefore, the statute of limitations does not bar the cause of action."

7. In their objection to NCM's proof of claim, the Johnsons assert that NCM's claim should be allowed as an unsecured claim. The Johnsons specifically assert that the refinancing loan was made in violation of the Texas Constitution in that the loan was advanced on property that was designated for agricultural use in the property tax records. NCM responded to the claim objection by incorporating its answer to the adversary complaint.

8. The Court tried the adversary complaint and the objection to claim together on August 27, 2009. The parties did not present any witnesses at the trial. In its arguments, NCM conceded that the 2002 refinancing loan violated art. XVI, §50(a)(6)(I), of the Texas Constitution inasmuch as the Johnsons' homestead was designated for agricultural use at the time of the loan.[2] NCM also conceded that it had received notice of this violation from the Johnsons as required by the Texas Constitution. On the other hand, the Johnsons conceded that NCM is entitled to equitable subrogation with respect to the payoff of its original purchase money loan and the taxes owed to the Grayson County tax collector. Thus, the issues for trial were whether the statute of limitations has run on the Johnsons' cause of action and, if not, whether NCM is entitled to equitable subrogation with respect to its payoff of the home equity loan the Johnsons received from Compass Bank.[3]

---

[2] The Texas Constitution prohibits "homestead property designated for agricultural use as provided by statutes governing property tax" from being pledged to secure a home equity loan unless the property "is used primarily for the production of milk." TEX. CONST. art. XVI, § 50(a)(6)(I). It is undisputed that the Johnsons did not use their property for the production of milk. Although the parties' joint pretrial order included a dispute regarding whether the Johnsons are required to have actually made a profit from the agricultural use of their homestead, this issue was not argued at trial.

[3] In addition, the Johnsons requested an award of their attorneys' fees based on §38.001(8) of the Texas Civil Practices and Remedies Code. The Johnsons, however, did not plead or prove the proper presentment of a claim for attorneys' fees under Texas law. *See Harrison v. Gemdrill Intern., Inc.* 981

4

## CONCLUSIONS OF LAW

*The Statute of Limitations*

1. If an "objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … as of the date of filing the petition, and shall allow such claim." 11 U.S.C. §502(b). The bankruptcy court must allow a claim "except to the extent that (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. §502(b)(1). If an objection to claim includes the kind of relief described in Bankruptcy Rule 7001, such as a proceeding to determine the validity, priority, or extent of a lien, the objection must be brought as an adversary proceeding. *See* FED. R. BANKR. P. 3007(b), 7001(2).

2. The "applicable law" in this case is Texas law. State statutes of limitations and ancillary tolling rules fall are generally considered substantive law. *See Flour Eng's & Constr., Inc. v. Southern P. Transp.,* 753 F.2d 444 (5th Cir. 1985) (interpreting statutory predecessor to TEX. CIV. PRAC. REM. Code §16.069 (Vernon 2008)); *In re Professional Inv. Ins. Group, Inc.*, 232 B.R. 870 (Bankr. N.D. Tex. 1999) (discussing Texas limitations law and §16.069 in the context of a claim objection).

3. The parties in this case agree that applicable statute of limitations is four years for a claim seeking affirmative relief based on an allegation that a home equity loan violates art. XVI, §50(a)(6), of the Texas Constitution. *See* TEX. CIV. PRAC. & REM. CODE § 16.051 (Vernon 2008); *Rivera v. Countrywide Home Loan, Inc.*, 262 S.W.3d 834

---

S.W.2d 714, 719 (Tex. App. -- Houston [1 Dist.] 1998, pet. den.) (discussing the requirements for obtaining an award of attorneys' fees).

(Tex. App. – Dallas 2008). *See also In re Ortegon*, 398 B.R. 431, 439-40 (Bankr. W.D. Tex. 2008). The Johnsons waited more than four years to bring their claims against NCM based on their allegation that the December 2002 refinancing loan from NCM violated the Texas Constitution. The Johnsons received the refinancing loan from NCM in December 2002, but they did not initiate a state court lawsuit until May 2007, and they did not initiate this adversary proceeding until August 2008.

4. At trial, the Johnsons argued that the state court pleadings in which they asserted a counterclaim against NCM pursuant to §16.069 of the Texas Civil Practice and Remedies Code tolled or extended the statute of limitations. The Johnsons also argued that the parties should be realigned, as necessary, so that they could use §16.069 to toll or extend the applicable limitations period on their claims for affirmative relief under the Texas Constitution. Section 16.069 provides that a counterclaim arising out of the same transaction or occurrence that is the basis of an action may be filed up to 30 days after the date on which the party's answer is due even though as a separate action the counterclaim would otherwise be barred by limitation on the date the party's answer is required. *See* TEX. CIV. PRAC. & REM. CODE §16.069(a) – (b) (Vernon 2008).[4]

5. It appears, at first blush, that the Johnsons claims are barred by limitations. Section 16.069 does not "extend the limitation period when the claim was originally asserted as other than a counterclaim." *Hobbs Trailers v. Arnett Grain Co.*, 560 SW2d 85, 88-89 (Tex. 1977) (after parties were realigned, nominal defendant was not permitted to use §16.069 to assert a time-barred claim). In the adversary action before this Court,

---

[4] The repealed predecessor statute to §16.069, Texas Revised Civil Statute art. 5539c, was enacted to prevent a plaintiff from waiting until an adversary's claim arising from the same transaction was barred by limitation before asserting his own claim. *See North American Land Corp. v. Boutte,* 604 S.W.2d 245, 247 (Tex. Civ. App. -- Houston [14th Dist.] 1980, writ ref'd n.r.e.).

6

the Johnsons are seeking affirmative relief based on NCM's alleged violations of the Texas Constitution. These claims are not asserted as a counterclaim. Even if the Johnsons had raised a counterclaim under §16.069 alleging violations of the Texas Constitution in response to NCM's claim for equitable subrogation, which they did not do in this adversary proceeding,[5] the Johnsons would not be "saved" by §16.069: "We do not believe the legislature intended to force an original defendant to choose between asserting a valid bar by limitation and asserting a valid counterclaim, for fear that upon interchange of the parties the original claim would become the 'counterclaim' and thus be saved by [§16.069].... The phrase '30 days following such answer date' in the statute may not be applied to the situation in which the original plaintiff becomes the nominal defendant." *Id.* at 88. *See also Doyer v. Pitney Bowes, Inc.,* 80 S.W.3d 215, 219-21 (Tex. App. – Austin 2002) (discussing *Hobbs*).

5. This analysis, however, ignores the bankruptcy context. This adversary proceeding is an objection to NCM's secured claim. Although the bankruptcy rules required the Johnsons to bring this dispute as an adversary proceeding, *see* FED. R. BANKR. P. 3007(b), the Johnsons must be viewed as defendants for purposes of this Court's analysis. As the Fifth Circuit stated in *In re Simmons,* 765 F.2d 547 (5th Cir. 1985), the filing of a proof of claim is analogous to the filing of a complaint in a civil

---

[5] In the state court action for equitable subrogation, the Johnsons initially responded that NCM's claim for equitable subrogation was barred by res judicata. This argument was based on a default judgment that the Johnsons had obtained invalidating NCM's lien in state court. The state court subsequently vacated the default judgment, and the Johnsons amended their response to the equitable subrogation action to include a counterclaim for violations of the Texas Constitution under §16.069 of the Texas Civil Practices & Remedies Code. The Johnsons argue that their counterclaim was timely, even though it was filed more than 30 days after an answer was due, because the time for filing the counterclaim was tolled by the entry of the default judgment against NCM. However, the parties' state court litigation was not removed to this Court, and the issue of the timeliness of the counterclaim asserted by the Johnsons in state court is not before this Court to decide. Moreover, the Johnsons failed to provide this Court with authority to support their argument that the pending state court litigation transformed them into defendants in this adversary proceeding for purposes of the application of §16.069.

7

action, with the bankrupt's objection the same as the answer.  *See id.* at 552 (citing *Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2nd Cir. 1962)).

      6.      In *Oliver v. Oliver*, 889 S.W.2d 271 (Tex. 1992), the counter-defendant argued that a fraud counterclaim was untimely under §16.069, because it was not set out as a distinct cause of action until more than thirty days after the defendant filed her original answer.  The defendant's original answer and counter-petition, which was timely filed, asserted that the plaintiff's fraud was "both actual fraud and constructive fraud upon the rights of Counter-Petitioner for which she has been severely damaged and for which she seeks damages in excess of the minimum jurisdictional amounts of this Court."  The answer also included factual allegations regarding the plaintiff's conduct.  The Texas Supreme Court concluded that the defendant's pleading apprised the plaintiff that the defendant was seeking affirmative relief and gave him adequate notice of the facts upon which she was relying.  Thus, the Texas Supreme Court held that the original answer and counter-petition was "sufficient to state a counterclaim within §16.069."  *See id.* at 273 (citing generally *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex. 1982)).

      7.      Here, the Johnsons filed a timely objection to NCM's claim.  The Johnsons stated in their objection that NCM's lien was invalid inasmuch as their homestead was designated for agricultural use.  Although the Johnsons did not specifically assert an exception to the statute of limitations defense under §16.069 until the eve of trial, the Johnsons' objection to NCM's claim apprised NCM of the relevant facts and the relief they were seeking.  The Court, therefore, concludes that, as in *Oliver*, the Johnsons' objection was sufficient to state a counterclaim within §16.069.

8. Turning to the substance of the objection to NCM's proof of claim, the burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Federal Rule of Bankruptcy Procedure 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *See Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000). Where the debtor's defense to the claim, however, is one with respect to which the debtor would have the burden of proof in a non-bankruptcy forum, the debtor must carry that same burden of proof in connection with an objection to claim. *See, e.g., IRS v. Levy In re Landbank Equity Corp.),* 973 F.2d 265 (4th Cir. 1992) (debtor-taxpayer has burden of proof on disallowed deductions); *In re White,* 168 B.R. 825, 829 (Bankr. D. Conn. 1994) (debtor has burden of proof where affirmative defense filed to proof of claim); *In re Clark,* 106 B.R. 602, 603 (Bankr. E.D. Mo. 1989) (innocent spouse defense to tax liability); *In re Ousley,* 92 B.R. 278, 282-83 (Bankr. S.D. Ohio 1988) (duress defense to contractual liability).

9. Here, NCM filed a timely proof of claim. The Johnsons do not object to the amount of the claim or the supporting documents. As previously discussed, the Johnsons object to NCM's alleged lien on the grounds that it is constitutionally invalid. The Johnsons submitted credible evidence that their homestead was designated for agricultural use at the time of the loan from Compass Bank in 2001 as well as the

refinancing by NCM in 2002. *See Wilson v. Aames Capital Corp.*, 2007 WL 3072054 (Tex. App. -- Houston [14th Dist.] Oct. 23, 2007) (unpublished) (rejecting an argument that the burden of proof was on the lender on judicial economy grounds). *See generally Greathouse v. Charter Nat'l Bank-Sw.,* 851 S.W .2d 173, 175-76 (Tex. 1992) (describing considerations affecting the allocation of burdens of proof). *See also* Frank A. St. Claire, *Tex. Real Estate Guide* §§ 53.130[1][b] & 53.131 (stating that invalidity of lien based on noncompliance with the constitutional requirements is an affirmative defense). Thus, the issue for the Court to decide is NCM's entitlement to equitable subrogation with respect to the home equity loan from Compass Bank.

*Equitable Subrogation*

10. NCM has invoked the doctrine of equitable subrogation to the extent the Court concludes that the Johnsons have established an exception to the statute of limitations under §16.069. Under Texas law, the burden is on the party claiming equitable subrogation to establish that he is entitled to it. *See, e.g., Murray v. Cadle Co.*, 257 S.W.3d 291 (Tex. App. -- Dallas 2008). The two key elements of equitable subrogation are: (1) that the party on whose behalf the claimant discharged a debt was primarily liable on the debt, and (2) that the claimant paid the debt involuntarily. *See, e.g.,* 68 TEX. JUR. 3d., *Subrogation*, §11 (West 2009) (collecting authority). Additionally, each case turns on its own facts when the issue is one of purely equitable subrogation. The trial court must balance the equities in view of the totality of the circumstances to determine whether a party is entitled to equitable subrogation. *See Providence Inst. for Sav. v. Sims,* 441 S.W.2d 516, 519-20 (Tex. 1969).

11. There is no dispute that NCM extinguished the Johnsons' indebtedness under the original purchase money loan from NCM and the subsequent home equity loan from Compass Bank. There is likewise no dispute that NCM was not acting as a mere volunteer in doing so. NCM, therefore, has established the two key elements required for equitable subrogation.

12. Because a subrogation action is derivative, the defendant in such an action may ordinarily assert any defense he would have had in a suit by the subrogor. *See Guillot v. Hix,* 838 S.W.2d 230, 232 (Tex. 1992). The Johnsons in this case have stipulated that the original purchase money loan was valid indebtedness under Texas law. With respect to the home equity loan from Compass Bank, however, the Johnsons have established that this loan did not comply with art. XVI, §50(a)(6)(I), of the Texas Constitution. The Texas Constitution expressly states that the homestead "is protected from forced sale, for the payment of all debts" except for those debts incurred in compliance with the provisions of art. XVI, §50(a). The Court concludes that, under the circumstances, NCM is not entitled to an equitable lien for money it disbursed to extinguish constitutionally *invalid* indebtedness. *See LaSalle*, 246 S.W.3d at 620 (allowing equitable subrogation for the refinance portion of the loan proceeds used to extinguish constitutionally permissible purchase-money and property-tax liens).

13. For the foregoing reasons the Court finds and concludes that NCM's claim is unsecured to the extend it derives from the extinguishment of the indebtedness to Compass Bank. The Johnsons' objection to the extent and validity of NCM's alleged lien on their homestead is sustained in this regard.

*Pre-Judgment Interest Rate*

14.  Finally, the Court addresses the appropriate interest rate, which the parties disputed at trial. Where one is subrogated to the securities held by a prior creditor, the subrogee is not entitled to recover the rate of interest expressed in the judgment or note which is the evidence of the prior debt. *See* 68 TEX. JUR. 3d, *Subrogation*, § 36 (collecting authority). The amount of the payment made, with legal interest, is the measure of the subrogee's recovery under Texas law. *See id*. (citing *Faires v. Cockrill*, 31 S.W. 190, 194 (Tex. 1895), overruled in part on other grounds, *Fox v. Kroeger,* 35 S.W.2d 679, 680 (Tex. 1931) (stating that "it has been held by our court and others that where one is subrogated to the securities held by the creditor he is *not entitled* to recover the rate of interest expressed in the judgment or note which is the evidence of the debt. The amount of the payment made, with legal interest is the measure of recovery.")). *See also* TEX. FIN. CODE ANN. § 301.002(a)(8) (Vernon 2006) (defining "legal interest").

15.  The appropriate prejudgment interest rate is 6%. This case involved the question of equitable subrogation. The record shows that this case raises issues arising principally from contract rather than tort. Accordingly, the statutory simple interest rate is appropriate. *See Fidelity & Cas. Co. of New York v. Central Bank of Houston,* 672 S.W.2d 641 (Tex. App. – Houston [14 Dist.] 1984, writ ref'd n.r.e.) (awarding prejudgment interest at the legal rate of 6% where award of interest was based on an equitable theory); *Baker Marine Corp. v. Weatherby Engineering Co.*, 710 S.W.2d 690 (Tex. App. – Corpus Christi 1986) (holding that where a statute specifically applies governing the rate applicable to prejudgment interest, the trial court does not have discretion to award a higher rate than that set forth in the statute). *See also Employers*

*Nat. Ins. Co. v. General Acc. Ins. Co.,* 857 F.Supp. 549 (S.D. Tex. 1994) (equitable subrogation suit brought against primary insurer for mishandling of claim raised issues arising principally from contract, rather than tort, and, thus, prejudgment interest at statutory simple interest rate of 6% was appropriate under Texas law).

## CONCLUSION

The Plaintiffs' objection to the Defendant's proof of claim shall be sustained in part and overruled in part for the reasons stated in these Findings of Fact and Conclusions of law.  The parties shall bear their own costs and attorneys' fees.  The Court will enter a separate Judgment consistent with these Findings of Fact and Conclusions of Law.

Signed on 09/11/2009

*Brenda T. Rhoades*    SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE